UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. 07 MJ 2918 |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Abraham LOPEZ-Gasca, ) | Deported Alien Found in the |
| ) | United States |
| ) | |
| Defendant ) | |
| ) | |

The undersigned complainant, being duly sworn, states:

On or about **December 16, 2007** within the Southern District of California, defendant, **Abraham LOPEZ-Gasca,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Terri L. Dimolios
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **17th** DAY OF **DECEMBER, 2007**

William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Abraham LOPEZ-Gasca

## PROBABLE CAUSE STATEMENT

On December 16, 2007, Senior Patrol Agent I. Dickey was working at an area known as Whiskey 8 (W8). This area is located two miles west of the San Ysidro, California Port of Entry and fifty yards north of the United States/Mexico International Boundary. At approximately 12:45 A.M., Agent Dickey observed six individuals run through a gap in the secondary fence and continue north at which time Agent Dickey lost sight of them due to the area being dark. Agent Dickey began to walk north to the area where he had lost sight of the group. Upon arriving to this area, which is used for heavy construction equipment storage, Agent Dickey encountered six individuals attempting to conceal themselves inside of cabs and among tires. Agent Dickey identified himself as a Border Patrol Agent and questioned all the individuals as to their citizenship and nationality. All individuals, including one later identified as the defendant, Abraham LOPEZ-Gasca, admitted to being citizens and nationals of Mexico not in possession of any immigration documents that would allow them to be or remain in the United States legally. The defendant and the other five subjects were arrested and transported to the Imperial Beach Border Patrol Station for further processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on May 6, 2005** through **Nogales, Arizona.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights, which he understood and was willing to answer questions without having a lawyer present. The defendant again admitted to being a citizen and national of Mexico illegally in the United States and without having any immigration documents that would allow him to enter or remain in the country legally. The defendant stated that his intended destination was Sacramento, California.

Terri L. Dimolios
Senior Patrol Agent

William McCurine Jr.
U.S. Magistrate Judge

12/17/07   0941hrs
Date/Time